UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARAH JARRETT,

        Plaintiff,                            CIVIL ACTION NO. 05 CV 71692 DT

      v.                                   DISTRICT JUDGE BERNARD FRIEDMAN

JO ANNE B. BARNHART,              MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

This Social Security disability case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be **GRANTED** and that plaintiff's motion be **DENIED**.

### II.  Background

In May, 2000, plaintiff filed an application for Social Security Disability Insurance Benefits (DIB), claiming that she suffered from fibromyalgia and chronic back problems, and that she had been unable to work since March 16, 1995 as a result of these impairments. (Tr. 64-66, 75) Plaintiff was 45 years of age when she filed the application, and she had worked as a nursing assistant prior to her alleged onset date. (Tr. 76) The Social Security Administration

(SSA) denied the claim on October 20, 2002. (Tr. 52-55) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 58) The hearing was held on February 8, 2002 before ALJ John A. Ransom. (Tr. 504-527)

On March 26, 2002, the ALJ issued a decision denying plaintiff's claim. (Tr. 19-31) The ALJ determined that plaintiff had degenerative disc disease of the cervical and lumbar spine, Baker's cysts in both knees, carpal tunnel syndrome, and a major depressive disorder. Id. The ALJ further determined that plaintiff's impairment were "severe" within the meaning of 20 C.F.R. § 404.1520, but that she did not have an impairment or combination of impairments that met or equaled any impairment listed in Appendix 1, Subpart P of the Social Security Regulations. Id. Based on the hearing testimony of a vocational expert (VE), the ALJ concluded that plaintiff retained the capacity to perform a significant range of sedentary work in spite of her impairments.[1] Id. Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. Id.

Following the ALJ's denial of her application, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 13) The Appeals Council denied the request on April 5, 2005. (Tr. 6-9) The ALJ's decision thus became the final decision of the

---

[1]"Sedentary" work is defined in 20 C.F.R. § 404.1567 as follows:
> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

Commissioner. On April 29, 2005, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the matter comes before the court on the parties' cross-motions for summary judgment. Plaintiff contends that the ALJ posed an inaccurate hypothetical question to the VE and, therefore, that the ALJ could not properly rely on the ALJ's testimony in finding that plaintiff was not disabled. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should thus be affirmed.

### III.  Legal Standards

### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears of the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims. 20 C.F.R. § 404.1520. As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance

and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

### IV.  Analysis

The ALJ concluded that while plaintiff's impairments were severe, she retained the residual functional capacity (RFC) to perform a restricted range of sedentary work.  The ALJ's RFC determination is set forth below:

> The claimant has the residual functional capacity to lift no more than five pounds at a time.  This work must be simple and repetitive with limited contact with co-workers or the public and the claimant must be afforded the opportunity to sit and stand at will.  The claimant must avoid bending, twisting, turning, crawling, squatting, kneeling, climbing or production line type work.  The work must not require repetitive pushing, pulling, gripping or grasping.

(Tr. 30-31)  At the hearing, the ALJ asked the VE whether a person of plaintiff's age, educational background, and work history, with an RFC as set forth above, was capable of engaging in substantial gainful activity. (Tr. 522-23)  The VE testified that such a person was capable of working as a general office clerk, a records clerk, an accounting clerk, a hand packer, or a production inspector, and that there were, collectively, 11,200 such jobs in the regional economy.  (Tr. 523)  Based on the VE's testimony, the ALJ determined that were a significant number of jobs in the regional economy that plaintiff could perform and, therefore, that she was not disabled.

Where an ALJ poses a hypothetical question to a VE that fully and accurately incorporates a claimant's physical and mental limitations, and the VE testifies that a person with such limitations is capable of performing a significant number of jobs in the national economy, such testimony is sufficient to support a finding that the claimant is not disabled. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987). Conversely, where the hypothetical does not paint an accurate picture of the claimant's limitations, the VE's testimony cannot support such a finding. Plaintiff contends that the ALJ's RFC determination and the hypothetical he posed to the VE were inaccurate in that the ALJ did not fully account for her concentration difficulties. The ALJ determined that "[t]he evidence establishes that the claimant's mental impairments...cause moderate deficiencies of concentration, persistence or pace[.]" (Tr. 28) In an apparent effort to accommodate plaintiff's deficiency in this area, the ALJ included in the RFC determination and the hypothetical a limitation to "simple and repetitive" work. (Tr. 30) Further, the ALJ included a limitation that plaintiff could perform no "production line type work." (Tr. 31) Plaintiff contends that these limitations are insufficient to account for her deficiencies in the area of concentration.[2] As discussed below, the court disagrees.

In assessing plaintiff's mental RFC, the ALJ appears to have relied upon a Mental Residual Functional Capacity Assessment report prepared by a State of Michigan Disability

---

[2] Plaintiff does not argue that the limitations were insufficient to accommodate any deficiency she may have in the areas of persistence and pace. The court will thus limit its discussion to a determination of whether the ALJ properly accommodate plaintiff's concentration impairments.

- 6 -

Determination Services (DDS) examiner, dated August 14, 2000.  In the Psychiatric Review Technique portion of the form, the examiner checked the "often" box in the area of "Deficiencies of Concentration, Persistence, or Pace Resulting in Failure to Complete Tasks in a Timely Manner (in work settings or elsewhere)."  (Tr. 355)  As indicated on the form, a finding of "often" equates with a finding that the individual has a "moderate" impairment.  This general finding is broken down into more specific findings in the functional capacity assessment portion of the form, where the examiner is asked to rate the severity of the claimant's limitation in 20 discrete areas.[3]  The examiner found plaintiff to be moderately limited in five of the areas listed in the form: (1) the ability to remember locations and work-like procedures; (2) the ability to carry out detailed instructions; (3) the ability to maintain attention and concentration for extended periods; (4) the ability to work in coordination with or proximity to others without being distracted by them; and (5) the ability to accept instructions and respond appropriately to criticism from supervisors.  (Tr. 344-45)  In the other 15 areas, the examiner found either that plaintiff was "Not Significantly Limited" or that there was "No Evidence of Limitation in this Category."  Id.  In the narrative portion of the report, the examiner indicated, among other things, that plaintiff "retains ability to do simple tasks on a sustained basis."  (Tr. 346)

There is otherwise scant evidence in the record regarding the extent of plaintiff's concentration problems, and what evidence there is suggests that plaintiff is not significantly impaired in this area.  In a report dated February 13, 1997, Dr. Harvey Ager, a psychiatrist, noted

---

[3]The examiner is asked to check one of the following five boxes in each category: (1) "Not Significantly Limited," (2) "Moderately Limited," (3) "Markedly Limited," (4) "No Evidence of Limitation in this Category," (5) "Not Ratable on Available Evidence."  (Tr. 344)

that plaintiff was "alert and oriented to time, place and person. Her concentration was full and uninterrupted, and her attention was sustained." (Tr. 171) In the "Summary and Opinion" section of his report, Dr. Ager stated, *inter alia*, the following:

> Putting aside her physical complaints, strictly from a mental and emotional standpoint, Ms. Jarrett does not appear to be disabled from performing her previous job duties as a nurse's aide for Health Source. On a psychiatric basis alone, therefore, she does appear capable of performing those types of job duties without any restrictions necessary. On a similar basis, I do not believe she would require any restrictions in order to perform any other jobs for which she may be qualified within the field of general labor.

(Tr. 173)

Further, in a report dated February 18, 1999, Dr. Edward Klarman, a psychiatrist, noted that there was "no impairment of [plaintiff's] memory function," and that "there is no evidence of impaired attention span or defect of concentration." (Tr. 286) With respect to the latter finding, Dr. Klarman stated that "[o]rdinarily, if we were talking about a significant level of depression, there ought to be interference in these areas." (Tr. 287-88) There is no other objective medical evidence in the record regarding plaintiff's difficulties in this area.[4] Plaintiff reported having significant concentration problems. (Tr. 325, 491-93) However, the ALJ found plaintiff's allegations regarding her limitations to be less than fully credible. (Tr. 28) Plaintiff has not challenged this finding, and the court finds no basis in the record to disturb it.

---

[4] The court notes that the record contains a "Medical Assessment of Ability to do Work Related Activities (Mental)" form, in which it is indicated that plaintiff is markedly limited in various areas related to concentration, persistence, or pace. (Tr. 491-93) The ALJ acknowledged this report, but concluded that it was prepared by plaintiff herself, not a physician, and that it was thus entitled to little weight. The court agrees with the ALJ's assessment of the report.

Based on the medical evidence in the record, as discussed above, the court cannot say that the limitation to "simple and repetitive" work was inadequate to accommodate plaintiff's impairment in the area of concentration. The DDS examiner found plaintiff to be only moderately impaired in this area and determined that she could perform simple tasks on a sustained basis notwithstanding her impairment. The ALJ's hypothetical was consistent with the findings of the DDS examiner, and plaintiff has failed to point to any contrary evidence in the record. Accordingly, the court finds that the ALJ properly accommodated plaintiff's concentration deficiency in the hypothetical. Plaintiff's claim of error is therefore rejected.

### V.  Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion be **GRANTED**, that plaintiff's motion be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

|  |  |
|---|---|
|  | s/Virginia M. Morgan |
|  | VIRGINIA M. MORGAN |
| Dated: October 3, 2005 | UNITED STATES MAGISTRATE JUDGE |

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record and the Social Security Administration by electronic means or U.S. Mail on October 3, 2005.

> s/Jennifer Hernandez
> Case Manager to
> Magistrate Judge Morgan